IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KEVAN ARYA,

    Plaintiff,

  vs.                                    No. CIV. S-11-1354 GEB GGH PS

CALPERS,

    Defendant.              <u>ORDER</u>

_____/

        Plaintiff, proceeding in this action pro se, has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302(21), pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted an affidavit making the showing required by 28 U.S.C. § 1915(a)(1). Accordingly, the request to proceed in forma pauperis will be granted.

        The determination that plaintiff may proceed in forma pauperis does not complete the required inquiry. Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

        A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

1  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
2  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
3  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
4  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
5  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
6  Cir. 1989); Franklin, 745 F.2d at 1227.

7            A complaint must contain more than a "formulaic recitation of the elements of a
8  cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the
9  speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).
10 "The pleading must contain something more...than...a statement of facts that merely creates a
11 suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal
12 Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).  "[A] complaint must contain sufficient
13 factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft
14 v. Iqbal, ___ U.S.___, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127
15 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows
16 the court to draw the reasonable inference that the defendant is liable for the misconduct
17 alleged." Id.

18            Pro se pleadings are liberally construed.  See Haines v. Kerner, 404 U.S. 519,
19 520-21, 92 S. Ct. 594, 595-96 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th
20 Cir. 1988).  Unless it is clear that no amendment can cure the defects of a complaint, a pro se
21 plaintiff proceeding in forma pauperis is entitled to notice and an opportunity to amend before
22 dismissal.  See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Franklin, 745 F.2d at 1230.

23            In this case, plaintiff alleges that CALPERS discriminated against him under Title
24 VII of the Civil Rights Act based on his national origin, by refusing and delaying payments of
25 Additional Retirement Service Credit for six years.

26            Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq., makes it an

unlawful employment practice for an employer to "fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's *race, color, religion, sex, or national origin*." Id., § 2000e-2(a)(1) (emphasis added).  Section 2000e-16 makes the substantive provisions of Title VII applicable to federal agencies.  If the employer permits the work environment to be permeated by hostility based on the emphasized protected categories, this hostile work environment itself violates Title VII.  Meritor Savings Bank v. Vinson, 477 U.S. 57, 106 S.Ct. 2399 (1986).

A plaintiff filing a complaint under Title VII has ninety days to file the complaint in federal court after receipt of the EEOC's right to sue letter.  See 42 U.S.C. § 2000e-16(c); 29 C.F.R. § 1614.408(c).[1]  An EEOC charge must be filed within 180 days of the last discriminatory act (or within 300 days in a state, such as California, which has its own anti-discrimination laws and agency).  See  42 U.S.C. S 2000e-1.

Other than the conclusory allegations described above, plaintiff has not alleged how CALPERS discriminated against him under the authority set forth above.  If he alleges violations of Title VII of the Civil Rights Act, he must also allege that he has administratively exhausted these claims, and received a right to sue letter from the EEOC.  In fact, the form complaint used by plaintiff specifically states that the EEOC decision must be attached to the complaint. (Compl. at 3.)   On amendment, plaintiff shall attach the EEOC letter to his amended complaint.

Finally, the complaint does not state the specific relief sought.  Because plaintiff has failed to comply with Fed. R. Civ. P. 8(a), the complaint must be dismissed.  The court will, however, grant leave to file an amended complaint.

---

[1] In addition, a plaintiff must file an EEOC complaint within 300 days of the alleged violation.  See 42 U.S.C. § 2000e-5(e); 29 C.F.R. § 1601.13; Draper v.Coeur Rochester, Inc., 147 F.3d 1104, 1107 (9th Cir. 1998).  This requirement effectively serves as a statute of limitations for the filing of Title VII claims.  See Draper, 147 F.3d at 1107.

If plaintiff chooses to amend the complaint to state a federal claim, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See <u>Ellis v. Cassidy</u>, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. <u>Rizzo v. Goode</u>, 423 U.S. 362, 96 S.Ct. 598 (1976); <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir. 1980); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. See <u>Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Good cause appearing, IT IS ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. The complaint is dismissed for the reasons discussed above, with leave to file an amended complaint within twenty-eight (28) days from the date of service of this Order. Failure to file an amended complaint will result in a recommendation that this action be dismissed.

DATED: July 5, 2011

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:076/Arya0293.amd.wpd

4