IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KEVAN ARYA,

        Plaintiff,                  No. CIV. S-11-1354 GEB GGH PS

    vs.

CALPERS,

        Defendant.             <u>ORDER</u>

_____/

        Plaintiff is proceeding in this action pro se and in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302(21), pursuant to 28 U.S.C. § 636(b)(1).

        On July 6, 2011, plaintiff was informed of the deficiencies in his complaint, and directed to file an amended complaint. Presently before the court is plaintiff's amended complaint.

        The amended complaint continues to allege that CALPERS and Golden Gate Transit, his former employer, refused and delayed payments of Additional Retirement Service Credit for six years. He no longer alleges, however, as he did in the original complaint, that defendants discriminated against him under Title VII of the Civil Rights Act based on his national origin in withholding these additional retirement payments.

Although plaintiff has now attached his right to sue letter from the EEOC, and has set forth the specific relief sought, he has not alleged how defendants discriminated against him, or even whether they discriminated against him.  The amended complaint contains no claims, other than a passing reference to retaliation.  A review of the attached documentation reflecting communication between plaintiff and CALPERS indicates that CALPERS made errors in regard to plaintiff's retirement, but there is no showing of discrimination.

The court is unable to determine a jurisdictional basis for this action.  A federal court is a court of limited jurisdiction, and may adjudicate only those cases authorized by the Constitution and by Congress.  See Kokkonen v. Guardian Life Ins. Co, 511 U.S. 375, 377, 114 S. Ct. 1673, 1675 (1994).  U.S. Const. Art. III, § 1 provides that the judicial power of the United States is vested in the Supreme Court, "and in such inferior Courts as the Congress may from time to time ordain and establish."  Congress therefore confers jurisdiction upon federal district courts, as limited by U.S. Const. Art. III, § 2.  See Ankenbrandt v. Richards, 504 U.S. 689, 697-99, 112 S. Ct. 2206, 2212 (1992).  Lack of subject matter jurisdiction may be raised at any time by either party or by the court.  See Attorneys Trust v. Videotape Computer Products, Inc., 93 F.3d 593, 594-95 (9th Cir. 1996).

The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332, confer "federal question" and "diversity" jurisdiction, respectively.  Statutes which regulate specific subject matter may also confer federal jurisdiction.  See generally, W.W. Schwarzer, A.W. Tashima & J. Wagstaffe, Federal Civil Procedure Before Trial § 2:5.  Unless a complaint presents a plausible assertion of a substantial federal right, a federal court does not have jurisdiction.  See Bell v. Hood, 327 U.S. 678, 682, 66 S. Ct. 773, 776 (1945).  A federal claim which is so insubstantial as to be patently without merit cannot serve as the basis for federal jurisdiction.  See Hagans v. Lavine, 415 U.S. 528, 537-38, 94 S. Ct. 1372, 1379-80 (1974).

For diversity jurisdiction pursuant to 28 U.S.C. § 1332, each plaintiff must be diverse from each defendant, and the amount in controversy must exceed $75,000.  For federal

question jurisdiction pursuant to 28 U.S.C. § 1331, the complaint must either (1) arise under a federal law or the United States Constitution, (2) allege a "case or controversy" within the meaning of Article III, section 2, or (3) be authorized by a jurisdiction statute.  Baker v. Carr, 369 U.S. 186, 198, 82 S. Ct. 691, 699-700, 7 L. Ed. 2d 663 (1962).

In his amended complaint, plaintiff has failed to allege a violation of a federal statute, such as Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq., or the Constitution.  In fact, plaintiff has alleged no legal theory under which he seeks relief, other than generalized retaliation.  (Am. Compl. at 2.)  Nor has plaintiff alleged diversity jurisdiction.  Although plaintiff and defendants are residents of different states, it is not clear that the alleged amount in controversy exceeds $75,000.  Plaintiff seeks $9,600 for lost interest during the years that CALPERS delayed in paying him the subject retirement pension.  He also seeks $32,000 for interest he had to pay to purchase the five years of Additional Retirement Service Credit.  He claims if CALPERS had given him the credit at the time he applied, instead of six years later, he would have had the funds to buy the credit instead of needing to borrow it.  Finally, plaintiff seeks $50,000 from Golden Gate Transit "for their 2004 delays of forwarding paychecks retirement contributions to CALPERS," which appears to be the reason for the CALPERS delay based on the documentation attached to the complaint.

In determining the jurisdictional amount in controversy for diversity jurisdiction, both compensatory and punitive damages must be considered to the extent they are recoverable and to the extent claimed.  Anthony v. Security Pacific Financial Services, Inc., 75 F.3d 311, 315 (7th Cir. 1996).  See generally Matheson v. Progressive Speciality Ins. Co., 319 F.3d 1089 (9th Cir. 2003); Gibson v. Chrysler Corp., 261 F.3d 927, 945 (9th Cir. 2001) (punitive damages are included in the amount in controversy).  When punitive damages are needed in order to satisfy the amount in controversy requirement, it must be determined whether they are in fact recoverable as a matter of state law.  If so, there is diversity jurisdiction unless "it is clear 'beyond a legal certainty that the plaintiff would under no circumstances be entitled to recover

the jurisdictional amount.' " <u>Anthony</u> at 315, quoting <u>Cadek v. Great Lakes Dragaway, Inc.</u>, 58 F.3d 1209, 1212 (7th Cir. 1995). "When a claim for punitive damages makes up the bulk of the amount in controversy, and may even have been colorably asserted solely to confer jurisdiction, we should scrutinize that claim closely." <u>Id.</u>

Under California law, punitive damages are not recoverable for breach of contract even where the breach is gross or willful. <u>Cates Const. Inc. v. Talbot Partners</u>, 21 Cal. 4th 28, 61 (1999); <u>Tibbs v. Great Am. Ins. Co.</u>, 755 F.2d 1370, 1375 (9th Cir.1985).

Additionally, interest and costs are excluded from the amount in controversy. <u>Lamke v. Sunstate Equipment Co.</u>, 319 F. Supp.2d 1029, 1031 (N. D. Cal. 2004). The amount in controversy is examined by looking to each defendant. "Claims against multiple defendants may only be aggregated to satisfy the amount in controversy requirement if the defendants are jointly and severally liable." <u>Coast Plaza Doctors Hosp. v. Arkansas Blue Cross and Blue Shield</u>, 2011 WL 3756052, *2 (C.D. Cal. Aug. 25, 2011), (citing <u>United States v. S. Pac. Transp. Co.</u>, 543 F.2d 676, 683 (9th Cir.1976)).

Here, plaintiff seeks a total of $41,600 ($9,600 plus $32,000) from CALPERS, and separately seeks $50,000 only from Golden Gate Transit. Therefore, the amounts may not be aggregated, and plaintiff has not met the amount in controversy requirement necessary for diversity jurisdiction with respect to each defendant. Furthermore, the amount of $9,600, (and arguably the sum of $32,000), is for interest which is excluded from the amount in controversy.

Furthermore, since plaintiff has stated no claims for relief, it is unclear whether he could seek punitive damages, which although not termed as such, appears to be what he is seeking from Golden Gate Transit.

Plaintiff will be given one last opportunity to amend his complaint. If plaintiff chooses to amend the complaint to state a federal claim, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. <u>See</u> <u>Ellis v. Cassidy</u>, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms

how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

If plaintiff intends to proceed with jurisdiction based on diversity, he must properly state his claims for relief, and the amount in controversy must meet the standards set forth above.

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Good cause appearing, IT IS ORDERED that:

1. The complaint is dismissed for the reasons discussed above, with leave to file a second amended complaint within twenty-eight (28) days from the date of service of this Order. Failure to file a second amended complaint will result in a recommendation that this action be dismissed.

DATED: September 26, 2011

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH:076/Arya1354.2am.wpd