IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KEVAN ARYA,

      Plaintiff,                                    No. 2:11-CV-1354 GEB AC PS

    vs.

CALPERS,

      Defendant.                              FINDINGS & RECOMMENDATIONS

_____/

        This case is before the undersigned pursuant to Local Rule 302(c)(19) and (21). Pending before the court is defendant's September 24, 2012 motion to set aside the Clerk's entry of default. Also pending is plaintiff's September 26, 2012 motion for default judgment and October 1, 2012 cross-motion for judgment by default. On review of the motions, the documents filed in support and opposition, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

## RELEVANT BACKGROUND

        Plaintiff initiated this action on April 5, 2011 and is proceeding on a second amended complaint ("SAC") against defendant California Public Employees' Retirement System ("CALPERS"), filed October 11, 2011. Plaintiff brings discrimination and retaliation claims in

connection with his receipt of retirement benefits. Because plaintiff is proceeding in this action in forma pauperis, see Doc. No. 6, the court directed the U.S. Marshal to serve CALPERS on January 12, 2012. Doc. No. 12. A summons was also issued that day. See Doc. No. 14.

On April 3, 2012, a Waiver of Service of Summons was filed reflecting that on March 26, 2012 a senior staff attorney for CALPERS received a copy of the U.S. Marshal's Request for Waiver of Service of Summons as well as a copy of the operative complaint and was thereby waiving service of a summons. Doc. No. 16. Pursuant to the returned waiver, defendant was granted 60 days after January 27, 2012[1] to respond to the SAC. Id. On May 15, 2012, CALPERS filed an answer. Doc. No. 17.

On June 14, 2012, plaintiff filed a Motion to Proceed with Judgment by Default because of CALPERS's failure to serve an answer to the SAC in the time frame specified in the January 12, 2012 summons. Doc. No. 19. On June 25, 2012, defendant responded to plaintiff's request by noting that it had appeared in this action by filing an answer. Doc. No. 20.

On June 27, 2012, CALPERS filed a status report in anticipation of the scheduling of this case. Doc. No. 21. Though styled as a "Joint Status Report," it was prepared solely by defense counsel and was missing plaintiff's signature. Due to plaintiff's apparent failure to participate in the filing of a joint status report, the court issued an order to show cause why this action should not be dismissed. Doc. No. 22. In response, plaintiff filed a reply in which he asserted that he participated extensively in the preparation of the joint status report and that defendant failed to incorporate his suggestions. Doc. No. 23. Plaintiff also repeated his request to proceed with judgment by default.

On September 10, 2012, following receipt of the parties' status reports and a September 6, 2012 status conference in which both parties appeared, the court issued a

---

[1] While the U.S. Marshal's Request for Waiver of Service of Summons initially directed defendant to file a response to the complaint within 60 days of January 23, 2012, it appears the January 23, 2012 request was returned as undeliverable. The U.S. Marshal resent the request on January 27, 2012. See Doc. No. 16.

scheduling order setting dates in this case. The court also denied plaintiff's motion for entry of default judgment because plaintiff failed to first seek entry of default by the Clerk of the Court pursuant to Federal Rule of Civil Procedure 55.

On September 19, 2012, plaintiff filed a request for entry of default. Doc. No. 27. On September 20, 2012, the Clerk of the Court entered default as to CALPERS. Doc. No. 28.

On September 24, 2012, defendant filed a motion to set aside the Clerk's entry of default. Doc. No. 31. On September 26, 2012, plaintiff filed a motion for default judgment. Doc. No. 35. On October 1, 2012, plaintiff filed a "cross-motion for judgment by default," which the court construes as – and plaintiff concedes is – an opposition to defendant's motion. Doc. No. 36; see Doc. No. 39 at 1. Both matters are now fully briefed and ready for disposition.

## DISCUSSION

A.  Applicable Standards

    1.  Motion for Default Judgment

Pursuant to Federal Rule of Civil Procedure 55, default may be entered against a party against whom a judgment for affirmative relief is sought who fails to plead or otherwise defend against the action. See Fed. R. Civ. P. 55(a). However, "[a] defendant's default does not automatically entitle the plaintiff to a court-ordered judgment." PepsiCo, Inc. v. Cal. Sec. Cans, 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002) (citing Draper v. Coombs, 792 F.2d 915, 924-25 (9th Cir. 1986)); see Fed. R. Civ. P. 55(b) (governing the entry of default judgments). Instead, the decision to grant or deny an application for default judgment lies within the district court's sound discretion. Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980). In making this determination, the court may consider the following factors:

> (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

////

1  Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986).  Default judgments are ordinarily
2  disfavored.  Id. at 1472.
3          As a general rule, once default is entered, well-pleaded factual allegations in the
4  operative complaint are taken as true, except for those allegations relating to damages.
5  TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) (per curiam) (citing
6  Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977) (per curiam)); see also Fair
7  Housing of Marin v. Combs, 285 F.3d 899, 906 (9th Cir. 2002).  Although well-pleaded
8  allegations in the complaint are admitted by a defendant's failure to respond, "necessary facts
9  not contained in the pleadings, and claims which are legally insufficient, are not established by
10 default."  Cripps v. Life Ins. Co. of N. Am., 980 F.2d 1261, 1267 (9th Cir. 1992) (citing Danning
11 v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978)); accord DIRECTV, Inc. v. Huynh, 503 F.3d 847,
12 854 (9th Cir. 2007) ("[A] defendant is not held to admit facts that are not well-pleaded or to
13 admit conclusions of law" (citation and quotation marks omitted).); Abney v. Alameida, 334 F.
14 Supp. 2d 1221, 1235 (S.D. Cal. 2004) ("[A] default judgment may not be entered on a legally
15 insufficient claim.").  A party's default conclusively establishes that party's liability, although it
16 does not establish the amount of damages.  Geddes, 559 F.2d at 560; cf. Adriana Int'l Corp. v.
17 Thoeren, 913 F.2d 1406, 1414 (9th Cir. 1990) (stating in the context of a default entered
18 pursuant to Federal Rule of Civil Procedure 37 that the default conclusively established the
19 liability of the defaulting party).
20     2.    Motion to Set Aside Entry of Default
21         Federal Rule of Civil Procedure 55© provides the standard for determining
22 whether a motion to set aside an entry of default or relief from a default judgment should be
23 granted.  Rule 55© provides that, for "good cause," the court may set aside an entry of default
24 and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule
25 60(b).  See Fed. R. Civ. P. 55©.  The standard for setting aside an entry of default is less
26 rigorous than the standard for setting aside a default judgment.  See Haw. Carpenters' Trust

Funds v. Stone, 794 F.2d 508, 513 (9th Cir. 1986). "[W]hen default judgment has been entered, Rule 55© refers to Rule 60(b), which provides that relief from a final judgment may be granted only under specific conditions." Id.

The factors used when considering a motion to set aside an entry of default or default judgment are: (1) whether the plaintiff would be prejudiced if the judgment or entry of default is set aside; (2) whether the defendant has a meritorious defense; or (3) whether defendant's culpable conduct led to the default. See Franchise Holding II, LLC v. Huntington Rests. Group, Inc., 375 F.3d 922, 925-26 (9th Cir. 2004); O'Connor v. Nevada, 27 F.3d 357, 364 (9th Cir. 1994). These factors are disjunctive, such that a district court may deny a motion to set aside entry of default based on any one of these three factors. Franchise Holding, 375 F.3d at 926. The moving party bears the burden of showing that these factors weigh in favor of granting the motion to set aside entry of default. Id.

As already noted, the Ninth Circuit has provided that "[d]efault judgments are generally disfavored, and whenever it is reasonably possible, cases should be decided upon their merits." In re Hammer, 940 F.2d 524, 525 (9th Cir. 1991) (internal citations and quotations omitted). In addition, "where a defendant seeks timely relief from the judgment and has a meritorious defense, doubt, if any, should be resolved in favor of the motion to set aside the judgment." Id.

B.   The Parties' Positions

In its moving papers, defendant admits that it failed to return the Waiver of Service and file an answer in a timely manner. See Mot. to Set Aside Entry of Def. at 5; Kennedy Decl. ¶ 4. Nonetheless, defendant argues that the mistake was not willful and that there is no doubt that it intends to litigate this action as evidenced by its execution of the Waiver of Service, Doc. No. 16; its filing of an answer to the SAC, Doc. No. 17; its response to plaintiff's Motion to Proceed with Judgment by Default, Doc. No. 20; its participation in the preparation of the Joint Status Report, Doc. No. 21; and its participation in the September 6, 2012 Status

Conference, Doc. No. 25.  Defendant also asserts that there will be no prejudice to plaintiff in setting aside the entry of default and, furthermore, that it has meritorious defenses to this action (namely, lack of jurisdiction, failure to state a claim, and failure to exhaust administrative remedies).

In opposition, plaintiff asserts that defendant failed to file a timely answer as required by the summons instructions, which provides that an answer is to be filed within 21 days after service of summons.  In light of this express language, plaintiff argues that defendant's May 15, 2012 answer was untimely and therefore defendant's motion to set aside entry of default should be denied and plaintiff's motion for default judgment be granted.  Plaintiff also sets forth arguments as to the defendant's proposed defenses to this action.

C.     Analysis

Due to the fact that default judgment is predicated on the entry of default, see Fed. R. Civ. P. 55, the court will consider first defendant's motion to set aside entry of default.

1.     Prejudice to Plaintiff

As to the first factor to be considered in setting aside entry of default, plaintiff argues that he will suffer prejudice if the entry of default is set aside because it will delay resolution of this case.  The Ninth Circuit, however, has explicitly found this argument to be insufficient to constitute prejudice.  See United States v. Signed Personal Check No. 730 of Yubran S. Mesle, 615 F.3d 1085, 1095 (9th Cir. 2010) ("To be prejudicial, the setting aside of a judgment must result in greater harm than simply delaying resolution of the case.") (internal citations omitted).  This factor, therefore, weighs in favor of setting aside entry of default.

2.     Meritorious Defense

"A defendant seeking to vacate a default judgment must present specific facts that would constitute a defense.  But the burden on the party seeking to vacate a default judgment is not extraordinarily heavy." Mesle, 615 F.3d at 1094 (citing TCI Group Life Ins. Plan v. Knoebber, 244 F.3d 691, 700 (9th Cir. 2001)).  All that is necessary to satisfy the "meritorious

defense" requirement is to allege sufficient facts that, if true, would constitute a defense: "the question whether the factual allegation [i]s true" is not to be determined by the court when it decides the motion to set aside the default. Id. (citing TCI Group, 244 F.3d at 700). Rather, that question "would be the subject of the later litigation." Id. (citing TCI Group, 244 F.3d at 700).

Here, defendant has presented a number of defenses that it intends to rely on in litigating this action, including, inter alia, lack of jurisdiction, failure to state a claim for discrimination and retaliation and any other unenumerated state law claims, and failure to exhaust administrative remedies. The court finds that these defenses amount to more than mere speculation and, as a result, will uphold the long-established policy that favors deciding cases on their merits rather than on procedural technicalities. Plaintiff's arguments to the contrary go to the merits of defendant's defenses, which the court does not consider at this stage of the litigation. Accordingly, this factor weighs in favor of setting aside entry of default.

3. Culpability of Defendant's Conduct

Finally, a defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and intentionally failed to answer. Mesle, 615 F.3d at 1092 (citing TCI Group, 244 F.3d at 697). In this context, the term "intentionally" means that a movant cannot be treated as culpable simply for having made a conscious choice not to answer; rather, to treat a failure to answer as culpable, the movant must have acted with bad faith, such as an "intention to take advantage of the opposing party, interfere with judicial decision making, or otherwise manipulate the legal process." Id. (citing TCI Group, 244 F.3d at 697)). The Ninth Circuit has "typically held that a defendant's conduct was culpable for purposes of the [good cause] factors where there is no explanation of the default inconsistent with a devious, deliberate, willful, or bad faith failure to respond." Id. (citing TCI Group, 244 F.3d at 698)).

In this case, the U.S. Marshal sent the Request for Waiver of Service to defendant on January 27, 2012. Based on a mistaken reading of Rule 4(d) of the Federal Rules of Civil Procedure, which provides that the waiver must be returned within thirty days that the request

was sent (that is, before February 27, 2012), counsel for defendant returned the Waiver of Service on March 26, 2012, within *sixty* days of the waiver's service.² Accordingly, both plaintiff's waiver and answer were indeed untimely filed. This delay in filing, however, was clearly based on a mistake. The facts presented herein do not indicate that defendant failed to respond due to bad faith, an intention to take advantage of plaintiff, or any other devious motives. Thus, this factor weighs in favor of setting aside entry of default.

Given that defendant has shown good cause under Rule 55© of the Federal Rules of Civil Procedure, the undersigned will recommend that its motion to set aside default be granted. Because the court has determined that defendant's motion should be granted and the entry of default be vacated, the court declines to reach the merits of plaintiff's cross-motion for default judgment.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Defendant's September 24, 2012 motion to set aside entry of default be granted;

2. Plaintiff's September 26, 2012 motion for default judgment be denied as moot; and

3. The Clerk of the Court be directed to vacate the September 20, 2012 entry of default.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen

---

² As to plaintiff's argument that, per the time frame specified in the summons, an answer was due within 21 days of service, the court notes that, because defendant returned a Waiver of Service, the service of a summons was unnecessary and thus the filing deadline specified in the summons is inapplicable. See Fed. R. Civ. P. 4(d)(4) ("When the plaintiff files a waiver, proof of service is not required and these rules apply as if a summons and complaint had been served at the time of filing the waiver."); see also Fed. R. Civ. P. 4(d)(3) ("A defendant who, before being served with process, timely returns a waiver need not serve an answer to the complaint until 60 days after the request was sent—or until 90 days after it was sent to the defendant outside any judicial district of the United States.").

days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Turner v. Duncan</u>, 158 F.3d 449, 455 (9th Cir. 1998); <u>Martinez v. Ylst</u>, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: December 13, 2012.

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

/mb;arya1354.mdj.set_aside